Dear Mr. Dupleix:
You have requested an opinion of the Attorney General regarding the ad valorem tax exempt status of properties owned by Garden Properties, Inc. ("Garden"), a for profit corporation. Garden is contemplating the negotiation of a lease of one-half of an existing building it owns to Lafayette Community Health Care Clinic ("Clinic"), a nonprofit organization. The building will be utilized as a clinic for physicians and nurses who voluntarily provide medical services to the underprivileged at no charge. You specifically ask whether the Clinic could, as a lessee, be exempt from paying property taxes on the portion of the building they would occupy.
Initially, it should be noted that the authority to determine whether a particular taxpayer may be exempt from the payment ofad valorem taxes is a factual determination exclusively reserved by the Louisiana Constitution and state law to the Assessor, the Louisiana Tax Commission and, ultimately, the courts. Attorney General Opinion Nos. 94-602, 94-603, 93-392, 92-660, 89-599 and 76-114. While the Attorney General does not have the authority to grant tax exemptions, we would like to assist you as to the applicable law which may be used in making individual determinations.
The jurisprudence of this state has consistently held that constitutional and statutory grants of exemptions from taxation must be strictly construed in favor of the taxing body and against the taxpayer desiring the exemption. Any possible doubt is fatal. Thus, an exemption, being an exceptional privilege, must be clearly, unequivocally and affirmatively established.Zapata Haney Corp. v. Larpenter, 583 So.2d 867 (La.App. 1st Cir. 1991), writ denied.
In answer to your question, we refer you to Article VII, Section21 of the Louisiana Constitution of 1974. It provides, in pertinent part, the following:
 "Section 21. In addition to the homestead exemption provided for in Section 20 of this Article, the following property and no other shall be exempt from ad valorem taxation:
* * *
 (B)(a) Property owned by a nonprofit corporation or association organized and operated exclusively for religious, dedicated places of burial, charitable, health, welfare, fraternal, or educational purposes, no part of the net earnings of which inure to the benefit of any private shareholder or member thereof and which is declared to be exempt from federal or state income tax, and
 (b) Property leased to such a nonprofit corporation or association for use solely as housing for homeless persons . . . ." [Emphasis added.]
As noted above, Section 21 provides that "no other" property than that provided for therein shall be tax exempt. Based on information furnished this office, it would appear that Garden is not a nonprofit corporation which would be entitled to tax exempt status under Section 21 (B). Further, the Clinic will not own the property, in question, but rather lease same from Garden under the proposed transaction.
This office has previously recognized that a tax exemption is granted to the property and benefits the owner of the property, which has no direct bearing on a lessee. Attorney General Opinion Nos. 79-343 and 75-1399. Further, we have opined that property leased from a nonexempt entity does not entitle that entity or the lessee to a tax exemption even though the property is being used for a charitable or public purpose. Attorney General Opinion Nos. 94-602, 94-603, 92-361, 86-12, 79-861 and 79-343.
We have reviewed the remaining exemptions provided for in Section 21. We note that the Constitution provides an exemption for property leased to a nonprofit corporation and used solely for housing the homeless. This exemption is not applicable to the use contemplated in your request. We can find no other exemption which would apply to the transaction being contemplated between the Garden and the Clinic.
Therefore, it is the opinion of this office that if the owner of the property does not fall within one of the tax exempt classifications enumerated in Article VII, Section 21, the property may not be exempt from ad valorem tax liability even though it is being leased to a nonprofit charitable organization. Trusting this adequately responds to your inquiry, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
By: __________________________ ROBERT E. HARROUN, III
Assistant Attorney General RPI/Rob, III/cla